IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          CAUSE NO. 1:16-CR-35-LG-RHW-3

**TRACY JERMAINE RICHARD**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [123] Motion for Compassionate Release filed by Defendant, Tracy Jermaine Richard. The Government filed a [128] Response in Opposition, to which Defendant filed a [133] Reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On September 3, 2019, Richard entered a plea of guilty of one count of conspiracy to possess with intent to distribute one kilogram of cocaine hydrochloride, in violation of 21 U.S.C. § 846. On November 26, 2019, Richard was sentenced to 84 months of imprisonment, five years' supervised release, and a $100 special assessment. He is currently housed at USP Atlanta and is scheduled to be released on January 25, 2025.

On October 23, 2020, Richard filed a *pro se* Motion for Compassionate Release based on his fear of contracting COVID-19 in connection with reported medical issues, including heart disease and diabetes. (Def.'s Reply, at 15, ECF No. 133). On November 19, 2020, the Government filed a response in opposition to the

Motion, arguing that (1) Richard had not demonstrated any extraordinary or compelling reason to grant a reduction, and (2) the § 3553 factors weigh against his release. (Govt.'s Resp., at 7, ECF No. 128). Richard then filed a reply on January 6, 2021, now represented by counsel, which set forth his arguments in greater detail.

## DISCUSSION

### I. Ripeness of Richard's Motion

A defendant must first satisfy one of two exhaustion avenues before the court may consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Richard states in his Motion that he filed a request with the Warden twice, which were both denied. (*See* Def.'s Reply, Exs. 2-3, ECF Nos. 133-2, 133-3). Because the Bureau of Prisons ("BOP") acted within 30 days of his request, Richard was required to exhaust the grievance process method. *See, e.g.*, *United States v. Ward*, No. 1:17-cr-68-LG-JCG, 2020 WL 4032245, at *1 (S.D. Miss. July 16, 2020); *United States v. Allen*, No. 1:15-cr-36-HSO-RHW, 2020 WL 3159180, at *3 (S.D. Miss. June 12, 2020); *see also United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Nevertheless, Richard argues that since more than thirty days have passed since the Warden's receipt of his original request, he has satisfied the requirements of § 3582, and this Court may now consider his Motion on the merits. *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).

In the Fifth Circuit's decision of *United States v. Franco*, the court determined that the exhaustion requirement "is a paradigmatic mandatory claims-processing rule." 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). The court concluded that the exhaustion "requirement is *not* jurisdictional, but that it *is* mandatory." *Franco*, 973 F.3d at 467. Thus, the district court "'*must* enforce the rule'" as long as "the government properly raise[s]" it. *Id.* at 468 (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)) (emphasis in original). In this case, the Government opposes Richard's Motion "on either of two independently sufficient grounds"; namely, that he failed to demonstrate extraordinary and compelling reasons which warrant his release, and that his release is not warranted under the § 3553 factors. (Govt.'s Resp., at 7, ECF No. 128). The Government fails to object on the basis of the exhaustion requirement. Hence, although Richard appears to have failed the exhaustion threshold, the Court finds that the Government waived this objection. *See, e.g.*, *United States v. Brown*, No. 14-171-NLB, 2020 WL 7698567, at *5 (E.D. La. Dec. 28, 2020); *United States v. Sandler*, 2020 WL 3621313, at *2 (M.D. Ala. July 2, 2020).

## II. Merits of Richard's Motion

Richard's original *pro se* Motion cites the dangerous conditions at USP Atlanta, as well as his heart disease and type 2 diabetes, as the grounds justifying compassionate release. (Def's Reply, at 15, ECF No. 133). To the extent Richard requests the Court modify his sentence to home confinement, the Court lacks the authority to order home confinement. *See* 18 U.S.C. § 3621(b); *see also United*

*States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020). As to Richard's request for a sentence reduction, a court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[1] Regardless, the Court finds that the former policy statement continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

The policy statement provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

The policy statement also provides that the defendant should not pose "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2). To determine whether a defendant poses a danger, courts consider the nature and

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

circumstances of the offense charged and the weight of the evidence against the defendant, as well as the defendant's physical and mental condition, family ties, employment, criminal history, and drug and alcohol use history. 18 U.S.C. § 3142(g). The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release is also an important factor. *Id.*

Richard's Motion for Compassionate Release, like countless others, is premised on the ongoing COVID-19 pandemic. Richard observes that the pandemic has spread to USP Atlanta. He claims that the sanitary conditions, coupled with the inmates' close living quarters, create a dangerous environment. (Def.'s Reply, at 14, ECF No. 133). Richard, a 47-year-old male, further cites his heart disease and type 2 diabetes as potentially leaving him more vulnerable to the virus. *See id.*

Publications by the Centers for Disease Control and Prevention have recognized type 2 diabetes as among the conditions which increase the risk of severe illness from COVID-19. *People With Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes (retrieved Jan. 8, 2021). Likewise, heart disease is recognized as a condition that may or does increase risk of severe illness. *Id.* Nonetheless, preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence. *See, e.g.*, *United States v. Jordan*, 3:92-CR-42-HTW-FKB,

2020 WL 5118052, at *6 (S.D. Miss. Aug. 31, 2020) (citation omitted); *United States v. Olejniczak*, No. 1:15-CR-142, 2020 WL 2846591, at *4 (W.D.N.Y. June 2, 2020).

Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release. *See Jordan*, 2020 WL 5118052, at *6 (citations omitted). Richard is correct that USP Atlanta has had confirmed cases of COVID-19. *See COVID-19 Inmate Test Information*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited Oct. 23, 2020). There are currently twenty-three reported cases amongst inmates. *Id.* The Government claims that the BOP has taken significant measures to protect the health of the inmates in its charge. As previously stated by this Court: "'[T]he mere existence of COVID-19 in society' and, consequently, the prison system 'cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'" *United States v. Williams*, No. 2:16-cr010, 2020 WL 4210476, at *3 (S.D. Miss. July 22, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). The Court finds Richard's claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The Section 3553 factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Richard entered a plea of guilty to one of the two counts listed in the indictment. The Presentence Investigation Report ("PSR") reflects Richard maintained prior criminal convictions, giving him a criminal history category of IV.

-7-

(PSR, at ¶56, at 12, ECF No. 116).  Richard's total offense level was a 27.  (*Id.* at ¶ 44, at 9).  Based on his offense level and criminal history, Richard's guideline range was 100 months to 125 months, but he was sentenced to 84 months, well below that range, according to the statutory maximum.  (*See id.* at ¶ 77, at 16).  Finally, Richard has served just over a quarter of this sentence.  (*See* Def.'s Reply, at 1, ECF No. 133).  For all these reasons, the Court finds that a reduction in Richard's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [123] Motion for Compassionate Release filed by Defendant, Tracy Jermaine Richard, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE